# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BARRY TISBY, JR.,**

    **Plaintiff,**

    v.                                                       Case No. 14-CV-1335

**SGT. J. SCHROEDER and LT. RAWSON,**

    **Defendants.**

## SCREENING ORDER

Plaintiff, Barry Tisby, Jr., who is confined at the Kenosha County Jail, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. He filed an amended complaint on November 17, 2014.[1] This matter comes before the court on plaintiff's petition to proceed <u>in forma pauperis</u>. He has been assessed and paid an initial partial filing fee of $65.68.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] The amended complaint was filed as a separate case, <u>Tisby v. Rawson</u>, Case No. 14-CV-1448-LA (E.D.Wis.). However, it presents the same claim as the original complaint in this case and adds two defendants. I will therefore treat the pleading as an amended complaint and dismiss Case No. 14-CV-1448. The $65.68 initial partial filing fee received in 14-CV-1448 will be transferred to this case an applied toward payment of the remainder of the filing fee.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

According to the amended complaint, plaintiff has not been receiving his legal mail at his present place of confinement, the Kenosha County Jail, or where he was previously confined, the Kenosha County Detention Center. He suspects that this is race-based although in his original complaint, plaintiff alleged that it was retaliatory.

Plaintiff's allegations raise a First Amendment issue and a potential Fourteenth Amendment issue. However, I will provide plaintiff with an opportunity to file a second amended complaint. In the second amended complaint, plaintiff should provide additional detail as to his claims including his race-based allegations and the personal involvement

3

of the defendants. Such second amended complaint must be filed on or before **February 5, 2015**.

Plaintiff is advised that the second amended complaint must bear the docket number assigned to this case (14-CV-1335) and must be labeled "Second Amended Complaint." The second amended complaint supersedes the prior complaint and must be complete in itself without reference to the prior complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). If a second amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**ORDER**

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint filed in Case Number 14-CV-1448 be filed as the amended complaint in this action.

**IT IS FURTHER ORDERED** that the initial partial filing paid in Case Number 14-CV-1448 ($65.68) be credited toward the payment of the filing fee in this case.

**IT IS FURTHER ORDERED** that on or before **February 5, 2015**, plaintiff shall file a second amended complaint curing the defects in the prior complaint as described herein.

**IT IS FURTHER ORDERED** that the Kenosha County Sheriff shall collect from plaintiff's prisoner trust account the $218.64 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in

accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the Kenosha County Sheriff.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 6th day of January 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge